## THE KATHERINE E. ORR.

District Court, S. D. New York.
Jan. 5, 1931.

Otto & Lyon, for libellant.

Macklin, Brown, Lenahan & Speer, for claimant.

CAFFEY, District Judge.

If the suit be for salvage, it is barred by two years' limitation prescribed for bringing it, unless the court be satisfied that the delay is excusable because of unavailability of the ship for arrest. 46 USCA § 730.

It is not necessary to determine whether the statutory period is tolled by filing of the libel, issuance of process, or seizure of the ship, because, whatever the test, it was conceded at the argument that no step was taken to enforce the claim sued on until more than two years after the cause of action accrued. So also there is no occasion to pass on libelant's explanation for postponing litigation so long. The matter can be disposed of on another ground.

Inspection of the libel makes clear that the libelant may not be, and certainly indicates that it is not, seeking salvage. Apparently right of recovery rests on repairs. That being true, the face of the pleading furnishes no warrant for dismissal. It is true that the caption of the libel labels it as for salvage; but that is not conclusive.

Upon the merits as to whether the case relates only to salvage (The Neshaminy [C. C. A.] 228 F. 285, 288, 289), and, if so, as to whether the suit is too late, there will be adequate opportunity to raise the issues by answer.

Motion denied, with leave to strike out "salvage" and substitute "contract" in the caption of the libel.